## No. 8074.

### WIDOW J. C. DE ST. ROMES VS. HER CREDITORS.

On an application for respite the usual order staying proceedings against person and property is lawful and competent.

The court granting such order has power to enforce it, and to annul an d set aside acts done in violation thereof.

The privileged creditors who, under Art. 3095 C. C., are excepted from the operation of respite proceedings, are those whose privileges result from the nature of their debts. It does not include privileges resulting merely from seizure. 24 An. 359.

APPEAL from the Fourth District Court for the Parish of Orleans. *Houston*, J.

*H. D. Ogden* for Opponent and Appellant.

*Chas. Louque* for Appellee.

The opinion of the Court was delivered by

FENNER, J. Under a judgment against plaintiff, opponent had issued a writ of *fi. fa.* and had seized and advertised for sale certain property belonging to her. Pending the advertisement, plaintiff made application for a respite, in due form of law, and to a competent court, and obtained an order calling a meeting of her creditors before A. Abat, Notary, to be held on August 2d, 1875, and directing that "in the meantime, all judicial proceedings against her person and property be stayed."

Notice of this order was duly given to opponent and to the sheriff; but, notwithstanding the same, they proceeded with the execution and sale, and the property was, on August 3d, 1875, adjudicated to opponent.

Thereupon a rule was taken in the respite proceeding on the sheriff and the opponent to show cause why the former should not be pun-

101

ished for contempt, and why the adjudication should not be declared null and void.

The proceeding for contempt was abandoned.    The opponent took no exception to the form of proceeding, but appeared and answered the rule.

After trial, judgment was rendered making the rule absolute so far as to decree the adjudication to be null and void, and to prohibit the sheriff from passing title thereunder.

We may summarize and dispose of the defenses as follows:

1.  It is said that the stay of proceedings " in the meantime," extended only to the date fixed for the meeting and had, therefore, expired when the sale was made.    We are very clear that the words " in the meantime " meant, during the pendency of the respite proceedings.

2.  It is claimed that the action of the notary in not holding the meeting on the day fixed, and in illegally postponing the same for twenty-nine days, in violation of C. C. Art. 3090, *ipso facto* nullified and avoided the proceeding for respite.    We are at a loss to understand how any act of the notary could annul an order of the court. Notwithstanding the positive assertion of counsel to that effect, we have scoured the record in vain to find any evidence that the postponement was the act of plaintiff.

3.  It is urged that a sale under execution can be stayed only by injunction.    Such is the general rule; but the stay of proceedings ordered on application for respite is a lawful order, and is, in every respect, the equivalent of an injunction.

4.  That the adjudication, having been made, passed a title which could only be attacked by direct action.  A court is vested with power to enforce all orders which it has authority to make.    Where it possesses and has exercised authority to prevent an act, it has the correlative authority to undo and set aside the act done in defiance of its lawful order.

5.  The most serious question in the case is whether opponent was bound by the respite proceeding under Art. 3095 C. C., which declares that " the following classes of persons cannot be compelled to enter into any contract of respite: privileged creditors of what nature soever their privileges may be.    *    *    *    Therefore, the privileged creditors cannot be deprived by any respite of the right of seizing the property on which they have a privilege."

Opponent contends that his seizure before the respite conferred a privilege on the property seized, under C. P. Art. 722, which exempted him from the operation of the respite proceeding.

If the question were an open one, it would not be free from difficulty. But it was long since held that the Art. 3095 C. C. referred only to privileges resulting from the nature of the debt and not to a privilege resulting from mere seizure of property, the Court saying, in substance, that the last phrase of the Article giving "the right of seizing the property on which they have a privilege," indicates the legislative reference to privileges existing before, and independent of, seizure. Huppenbauer vs. Durlin, 24 An. 359.

In a very ancient case it had been held that an order to stay proceedings operated to stay even the sale of property which had been decreed by a competent court before the order; and that the sale made in violation thereof was null and void. Bermudez vs. Irion, 3 Mart. 39.

This disposes of the case. We have no concern with the result of the respite proceedings. The adjudication was made in violation of the prohibitory order of a competent court, and was null and void, and properly set aside.

Judgment affirmed.